**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

**APR 3 0 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DERRICK JOHNSON,                )
                                )
            Plaintiff,          )
                                )
        v.                      )        Civil Action No. 15-0068 (UNA)
                                )
U.S. DEPARTMENT OF JUSTICE, *et al.*,  )
                                )
            Defendants.         )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.  It appears that the plaintiff mounts a collateral attack on his conviction and sentence on the ground that the prosecutors committed misconduct.  *See generally* Compl. at 2‑4 (page numbers designated by ECF).  To the extent that a remedy is available to the plaintiff, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.*, 1e6 F.3d 68e, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).  Once a § 2255 motion has been adjudicated on the merits as appears to be

the case here, *see Johnson v. United States*, No. 3:09–cv–597–B–BF, 2010 WL 3938391 (N.D.

Tex. Sept. 20, 2010), *adopted*, 2010 WL 3938392 (N.D. Tex. Oct. 6, 2010), *cert. of appealability

denied*, No. 10–11101 (5th Cir. July 5, 2011), *cert. denied*, 132 S. Ct. 791 (2011), a subsequent

motion for habeas relief must be presented to the appropriate court of appeals (here the Fifth

Circuit) for permission to proceed in the sentencing court.  28 U.S.C. § 2244 (b)(3)(A).

The plaintiff has stated no claim for relief in this court, and therefore the complaint will

be dismissed.  An Order accompanies this Memorandum Opinion.


_____
United States District Judge

DATE:   4/30/15